```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

JEROME BELLAMY,                       :

                Petitioner,           :

        - against -                   :     MEMORANDUM DECISION

BRIAN FISCHER, Superintendent,        :     05 Civ. 2840 (DC)

                Respondent.           :

- - - - - - - - - - - - - - - - - -x


APPEARANCES:    JEROME BELLAMY
                Petitioner Pro Se
                Elmira Correctional Facility
                P.O. Box 500
                Elmira, NY  14902-0500

                ELIOT SPITZER, Esq.
                Attorney General of the State of New York
                Attorney for Respondent
                    By:  Chelsea Chaffee, Esq.
                         Assistant Attorney General
                120 Broadway
                New York, NY  10271
```

**CHIN**, **D.J.**

Pro se petitioner Jerome Bellamy petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate two separate convictions: one on October 4, 1990 (the "1990 Conviction"), and the other on May 10, 1995 (the "1995 Conviction"). Before the Court is respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year period of limitation on habeas corpus applications by persons in state custody. For the reasons stated below, respondent's motion to dismiss is granted, and Bellamy's petition is dismissed as untimely.

**BACKGROUND**

**A. Factual Background**

**1. The 1990 Conviction**

On October 4, 1990, Bellamy pleaded guilty in New York Supreme Court, New York County, to one count of Criminal Possession of a Controlled Substance in the Fifth Degree. On November 8, 1990, he was sentenced to five years probation. (RX B).[1] He did not appeal this conviction, but on November 13, 2003, he filed a pro se motion to vacate the judgment, pursuant to N.Y.C.P.L. § 440.10. (RX A, B). In his motion, Bellamy raised, inter alia, the following issues: 1) he was incompetent to enter the guilty plea; 2) the trial court failed to adequately determine whether the plea was knowing and voluntary; and 3) he received ineffective assistance of counsel. (RX B). Bellamy's motion was denied on January 7, 2004 as untimely. (Id.). The Appellate Division denied leave to appeal on October 8, 2004 (RX C), and the Court of Appeals denied leave to appeal on December 29, 2004 (RX D). The facts underlying this conviction are not set forth in the record.

**2. The 1995 Conviction**

The following facts were adduced at trial:

---

[1] References to "RX" are to exhibits attached to respondent's Declaration in Support of Motion to Dismiss the Petition for a Writ of Habeas Corpus, filed November 23, 2005.

At 1:30 a.m. on December 19, 1993, Michael Bourne and Douglas Gagenbach were walking down the street when a man, later identified as Bellamy, grabbed Bourne from behind and ordered him at knifepoint not to move. (Tr. 60-61, 64-66, 99-101).[2] A second assailant brandished a gun and grabbed Gagenbach, who was able to escape, with the second assailant giving chase. (Id. at 99-106). After a struggle, Bourne flipped Bellamy and held him on the ground. (Id. at 61-63). The second assailant returned and brandished a gun, telling Bourne to get off Bellamy or else he would shoot. (Id. at 62-63). Bourne released Bellamy, and then both Bellamy and the second assailant fled the scene. (Id. at 63, 105).

At approximately 1:30 a.m. the following evening, Amy Fredericks was entering her apartment when two assailants pushed her inside the building and ordered her to get down on the ground. (Id. at 178-80). She was ordered at gunpoint to give over her money and jewelry. (Id. at 180). After she did so, the assailants left. (Id.). Minutes later, Bellamy and another man were arrested within blocks of the incident. Fredericks was brought to the scene and identified Bellamy as one of the men who had robbed her. (Id. at 181, 192, 240-46).

Bellamy was tried before a jury in the New York Supreme Court, New York County, for three robberies: a robbery on December 17, 1995, for which he was acquitted; the December 19,

---

[2] References to "Tr." are to pages of the trial transcript.

1995 attempted robbery of Bourne and Gagenbach; and the December 20, 1995 robbery of Fredericks.  On March 29, 1995, he was convicted on one count each of Robbery in the First Degree, Robbery in the Second Degree, and Criminal Possession of a Weapon in the third Degree, four counts of Attempted Robbery in the First Degree, and two counts of Attempted Robbery in the Second Degree.  (RX M).

On May 10, 1995, Bellamy was sentenced to an aggregate term of twenty-seven and one-half to fifty-five years imprisonment.  (RX K at 24).  He was incarcerated at Elmira Correction Facility in New York, where he remains today.  Bellamy appealed the conviction, raising through appellate counsel two issues: 1) the fruits of the seizure should have been suppressed because he was illegally stopped by the police; and 2) the sentence was illegal and excessive.  (RX K).  On October 22, 1998, the Appellate Division affirmed the conviction, People v. Bellamy, 680 N.Y.S.2d 481 (1st Dep't 1998), and the New York Court of Appeals denied leave to appeal on November 25, 1998, People v. Bellamy, 92 N.Y.2d 980 (1998).

In pro se papers filed on October 6, 1999, Bellamy moved to vacate the judgment pursuant to N.Y.C.P.L. § 440.10 arguing that: 1) the conviction was obtained in violation of his federal and New York State constitutional rights; 2) the prosecutor was wrongly allowed to use statements made by Bellamy in a deposition in a civil case; and 3) Bellamy was deprived of his right to counsel at lineup, at the time of his incriminating

statements, and throughout trial. (RX O). The trial court, without opinion, denied the motion on November 23, 1999, and the Appellate Division denied Bellamy's application for leave to appeal on February 29, 2000. (RX Q, S). Bellamy then moved pro se to reargue the Appellate Division's order, which was denied on April 20, 2000. (RX T).

Finally, on February 19, 2002, Bellamy moved pro se, pursuant to N.Y.C.P.L. § 440.20, to set aside the sentence, arguing the prosecutor presented misleading information during sentencing that caused Bellamy to be improperly adjudicated a second felony offender. (RX U). The motion was denied on March 5, 2002. (RX V).

**B. The Habeas Petition**

Now, in pro se papers dated January 26, 2005, and amended August 25, 2005, Bellamy brings the instant habeas corpus petition. (RX G, H). He challenges the 1990 Conviction, inter alia, on the grounds that: 1) he was incompetent to enter the guilty plea; 2) the trial court failed to adequately determine whether the plea was knowing and voluntary; and 3) he received ineffective assistance of counsel. (RX G). He challenges the 1995 Conviction, inter alia, on the grounds that: 1) he was denied the right to counsel at the lineups and during custodial interrogation; 2) his confession was procured through coercion; 3) trial counsel was ineffective; 4) he was denied the right to testify; 5) the trial court erroneously permitted the prosecutor to use a civil deposition at trial; and 6) the prosecution

presented misleading information during sentencing causing him to be adjudicated a second felony offender. (RX H). The state moves to dismiss the petition as barred by the one-year statute of limitations applicable to Section 2254 habeas petitions.

**DISCUSSION**

First, I discuss whether the petition is timely under the statute of limitations. Second, I discuss whether the doctrine of equitable tolling applies to excuse the delay. Third, I address whether Bellamy may collaterally attack the 1990 Conviction, despite untimeliness, on the basis that it unconstitutionally enhanced his sentence under the 1995 Conviction.

I conclude the challenges to both convictions are untimely, and equitable tolling does not apply. I further find that, in this case, no exception applies to permit Bellamy to collaterally attack the 1990 Conviction on the basis that it was used to enhance his sentence on the 1995 Conviction. As Bellamy's habeas petition is procedurally barred and the Court therefore lacks subject matter jurisdiction, I do not reach the merits of his petition.

**A. Statute of Limitations**

**1. Applicable Law**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides, in pertinent part:

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by

>     a person in custody pursuant to a judgment of
>     a State court. The limitation period shall
>     run from the latest of --
>
>     (A)  the date on which the judgment became
>     final by the conclusion of direct review or
>     the expiration of time for seeking such
>     review . . . .

28 U.S.C. § 2244(d)(1)(A).

The Second Circuit has held that for purposes of 28 U.S.C. § 2244, a state conviction becomes "final" when the time to seek certiorari to the United States Supreme Court has expired, which is ninety days after the date direct review of the case has been completed by the highest court in the relevant state. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001); Williams v. Breslin, No. 03 Civ. 1848 (RWS), 2004 WL 242447, at *1 (S.D.N.Y. Feb. 11, 2004).

The one-year limitations period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "This tolling provision 'excludes time during which properly filed state relief applications are pending' but it does not restart the statute of limitations clock." Breslin, 2004 WL 242447, at *2 (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

**2. Application**

**a. The 1990 Conviction**

On November 8, 1990, Bellamy was sentenced to five years probation. Bellamy did not appeal this conviction, and it

therefore became final on December 10, 1990, the day the time to seek review from the Appellate Division expired. See 28 U.S.C. § 2244(d)(1)(A); N.Y.C.P.L § 460.10(1). Because Bellamy's conviction became final before the effective date of the AEDPA, April 24, 1996, he had one year from that date, or until August 24, 1997, to file a federal habeas petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Bellamy did not file his habeas petition until January 26, 2005, more than seven years too late.

Had Bellamy filed a post-conviction application while the opportunity to seek habeas relief still existed, the pending application would have tolled the relevant statute of limitations. 28 U.S.C. § 2244(d)(2). Here, Bellamy is not entitled to tolling, as he did not file his first post-conviction application until November 2003. This is more than six years after the date on which to file the habeas petition had expired. Further, the untimely filing of his post-conviction application did not restart the statute of limitations clock. Breslin, 2004 WL 242447, at *2.

Accordingly, Bellamy's habeas petition pertaining to his 1990 Conviction is time-barred and must be dismissed unless equitable tolling applies.

### b. **The 1995 Conviction**

The New York State Court of Appeals denied leave to review Bellamy's 1995 Conviction on November 25, 1998. It therefore became final ninety days later, on February 23, 1999, when his time to petition for certiorari expired. See Williams

v. Artuz, 237 F.3d at 151.  Bellamy had one year from that date, or until February 23, 2000, to file his habeas petition.  28 U.S.C. § 2244(d)(1)(A).

Bellamy is entitled to tolling during the pendency of his first § 440.10 motion challenging this conviction (from October 6, 1999, the date this motion was filed, to April 20, 2000, the date his last attempt to appeal this motion was denied by the Appellate Division).  Thus, the statute of limitations for filing his habeas petition was tolled for precisely 197 days, and the new date by which Bellamy had to file his petition was in September 2000 -- 197 days from February 23, 2000, the initial filing deadline for Bellamy's habeas petition.  Bellamy, however, did not file his habeas petition until January 26, 2005.

While he did file a § 440.20 motion in February 2002, seeking to set aside his sentence, he is not entitled to tolling on that motion because it was not filed until almost a year and a half after the time for filing his habeas petition had expired (in September 2000).  As noted above, the filing of this second post-conviction application did not reset the statute of limitations clock.

Accordingly, Bellamy's habeas petition with regards to his 1995 Conviction is also time-barred and must be dismissed unless equitable tolling applies.

**B. Equitable Tolling**

    **1. Applicable Law**

In certain circumstances, under the doctrine of equitable tolling, a court may excuse a defendant's delay in filing a motion pursuant to 28 U.S.C. § 2254. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).[3] The one-year limitations period is subject to equitable tolling only in "rare and exceptional circumstance[s]." Id. (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)). The Supreme Court has cautioned that the doctrine of equitable tolling should be used "only sparingly" and not in cases involving "garden variety claims of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).[4]

To equitably toll the one-year limitations period, a party seeking to rely on the doctrine "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[3] The Supreme Court recently noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005). Along with every other circuit that has addressed the question, the Second Circuit has held that the AEDPA filing limitation is subject to the doctrine of equitable tolling. See Smith, 208 F.3d at 17; Dunlap v. United States, 250 F.3d 1001, 1004 n.1 (6th Cir. 2001)(listing circuit court cases holding that equitable tolling applies to AEDPA cases).

[4] Although Irwin was an employment discrimination case, the same doctrine of equitable tolling has been applied in cases brought under 28 U.S.C. § 2254. See, e.g., Pace, 544 U.S. at 418 (citing Irwin, 498 U.S. at 96, in its analysis of habeas petitioner's argument for equitable tolling).

stood in his way." Pace, 544 U.S. at 418 (citing Irwin, 498 U.S. at 96). These requirements are to be strictly construed. Barbosa v. United States, No. 01 Civ. 7522 (JFK), 2002 WL 869553, at *2 (S.D.N.Y. May 3, 2002). To establish extraordinary circumstances, the petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments. See Mendez v. Artuz, No. 99 Civ. 2472 (DLC), 2000 WL 991336, at *2 (S.D.N.Y. July 18, 2000) (holding that conclusory allegations do not meet the high burden required to justify tolling). Further, the party must show that he was unable to pursue his legal rights during the entire period that he seeks to toll. Barbosa, 2002 WL 869553, at *5.

### 2. Application

#### a. The 1990 Conviction

Bellamy has not established the necessary elements for equitable tolling with respect to the 1990 Conviction.

First, Bellamy has not offered any explanation for the nearly thirteen-year delay between his 1990 Conviction and his initial challenge to the conviction. Therefore he has not established that he has been pursuing his rights diligently.

Second, Bellamy has not demonstrated that extraordinary circumstances stood in his way of filing the habeas petition. Bellamy argues his counsel failed to file any appeal and concludes that if an appeal had been filed, the date for filing his habeas petition would have been much later. Bellamy's argument, however, is exactly the type of conclusory allegation

that does not reach the level of extraordinary circumstances. While it is certain that had counsel filed an appeal the date for filing the habeas petition would have been pushed back, Bellamy has not shown, nor is it likely, that such an appeals process would have tolled the statute of limitations clock for the entire thirteen-year delay. Further, mere attorney error is insufficient to create the requisite extraordinary circumstances for tolling. See Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001).

Moreover, Bellamy has not shown that he was unable to pursue his legal rights during the entire period that he seeks to toll. Bellamy admits he knew of his right to appeal and has not shown that anything prohibited him from appealing pro se or filing a habeas petition earlier.

As Bellamy has not met either element of equitable tolling, his habeas petition is dismissed as untimely with respect to the 1990 Conviction.

### b. **The 1995 Conviction**

Bellamy also fails to demonstrate the necessary elements for equitable tolling with respect to the 1995 Conviction.

First, Bellamy does not present any explanation[5] for

---

[5] Bellamy erroneously argues respondent should now be precluded from arguing that the petition is untimely because respondent failed to raise this issue when Bellamy moved to amend his habeas petition to include the challenge to the 1995 Conviction. Clearly the State does not waive an untimeliness argument by failing to oppose a motion to amend. These are two

the nearly two-year delay between April 20, 2000, the date his last attempt to appeal the denial of his § 440.10 motion was rejected, and February 19, 2002, the filing of his § 440.20 motion to set aside the sentence. Bellamy sat on his rights for nearly two years, and thus clearly failed to pursue his rights diligently.

Second, Bellamy has not demonstrated that extraordinary circumstances stood in his way of filing the habeas petition. In fact, Bellamy does not suggest any reason for delay.

As Bellamy has not met either element of equitable tolling, his habeas petition with regards to the 1995 Conviction is dismissed as untimely.

**C.   Enhancement of Sentence by Prior Conviction**

Bellamy argues the challenge to his 1990 Conviction should not be dismissed as untimely because it was used to enhance his later sentence in the 1995 Conviction. This argument is likely moot as Bellamy's challenge to his 1995 Conviction is also untimely, but even putting aside the untimeliness of his habeas petition, Bellamy's attempt to collaterally attack the 1990 Conviction in this manner fails.

In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. . . . If that conviction

separate issues.

>                    is later used to enhance a criminal sentence,
>                    the defendant generally may not challenge the
>                    enhanced sentence through a petition under §
>                    2254 on the ground that the prior conviction
>                    was unconstitutionally obtained.

Id. at 403-04. An exception to this rule applies where the prior conviction was obtained in violation of the right to counsel. Custis v. United States, 511 U.S. 485, 487 (1994). In such circumstances, the enhanced sentence cannot stand and habeas relief is appropriate. Id.; United States v. Tucker, 404 U.S. 443, 449 (1972). The Supreme Court has drawn a sharp distinction between collateral attacks to previous convictions used to enhance a sentence based on failure to appoint counsel and all other possible trial defects, including ineffective assistance of counsel. Daniels v. United States, 532 U.S. 374, 376 (2001) ("[W]ith the sole exception of convictions obtained in violation of the right to counsel, a defendant has no right to bring such a challenge in his federal sentencing proceedings." (citing Custis, 511 U.S. at 487)). Challenges based on ineffective counsel do not rise to the level of a constitutional defect that would permit a collateral attack on a prior conviction. Id. at 378 (citation omitted).

      While Bellamy's 1990 Conviction clearly was used to enhance his sentence under his 1995 Conviction, Bellamy has not raised a challenge to the 1990 Conviction based on failure to appoint counsel. Rather, he challenges his conviction based on ineffective assistance of counsel. Hence, the exception to the bar on collaterally attacking a conviction underlying a sentence

enhancement does not apply, and Bellamy cannot challenge the 1990 Conviction on grounds that it was unconstitutional and should not therefore be used to enhance his sentence under the 1995 Conviction.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss Bellamy's petition for a writ of habeas corpus is granted. Accordingly, Bellamy's petition is dismissed. As Bellamy has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).

SO ORDERED.

Dated: New York, New York
July 24, 2006

DENNY CHIN
United States District Judge